**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL A. SPENCER, | ) | |
| | ) | |
| Plaintiff , | ) | |
| | ) | No.    08 C 0085 |
| v. | ) | |
| | ) | Judge Andersen |
| CITY OF ROLLING MEADOWS, IL., | ) | |
| et al., | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**

NOW COME the defendants, Joe Pistorius, Mark Hinds, and Dan Cook, by their attorneys, Richard T. Ryan and Mark F. Smolens, Ryan, Smolens & Jones, and pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure move to dismiss the plaintiff's *pro se* complaint with prejudice, as an attempt to relitigate the issues fully and finally resolved against him in the underlying criminal proceedings which took place in the Circuit Court of Cook County.  In support of the requested relief, the remaining defendants in this case respectfully submit the following:

Introduction

Now pending before this Court is a *pro se* complaint alleging what appears to be violations of his civil and constitutional rights by members of the City of Rolling Meadows Police Department.  The gist of the plaintiff's allegations relate to purported improprieties in connection with his arrest on January 4, 2006.  Because each of the claims made before this Court were previously litigated – adverse to the plaintiff – in the

underlying criminal proceedings which took place in the Circuit Court of Cook County,

based upon the principles enunciated by our Supreme Court in <u>Allen v. McCurry</u>, 449

U.S. 90, 104, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), Mr. Spencer may not attempt to

relitigate those issues in a Section 1983 proceeding in this Court.

<u>Rule 12(b)(6) Motion Standards</u>

Pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil

Procedure, this Court may dismiss a particular claim "for failure to state a claim upon

which relief may be granted."  Fed.R.Civ.P. 12(b)(6).  A complaint is properly dismissed

under Federal Rule of Civil Procedure 12(b)(6) if, taking all facts alleged by the plaintiff

to be true and construing all inferences in favor of the plaintiff, the complaint fails to state

a claim upon which relief may be granted.  <u>Pleva v. Norquist</u>, 195 F.3d 905, 911 (7th Cir.

1999).  In determining the propriety of such a dismissal, the Court must "accept as true

all well-pled factual allegations in the complaint and draw all reasonable inferences

therefrom in favor of the plaintiff."  <u>Perkins v. Silverstein</u>, 939 F.2d 463 (7th Cir. 1991).

The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint and not

to decide upon its merits.  <u>Triad Assocs., Inc. v. Chicago Housing Authority</u>, 892 F.2d

583, 586 (7th Cir. 1989).  Dismissal is appropriate where it appears beyond doubt that the

plaintiff is able to prove no set of facts in support of his claim that would entitle him to

the relief requested.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Finally, while it is

true that the Court must "construe pleadings liberally, and mere vagueness or lack of

detail does not constitute sufficient ground for a motion to dismiss," <u>Strauss v. City of</u>

Chicago, 760 F.2d 762, 767 (7th Cir. 1985), in considering a 12(b)(6) motion the Court

need not accept mere conclusary allegations, without any supporting facts, as true. *See*

Tamari v. Bache & Co., 565 F.2d 1194, 1199 (7th Cir. 1977).

Here, the defendants respectfully submit that even conceding the fact that *pro se*

litigants receive greater latitude than litigants who are represented by counsel, Haines v.

Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)[1], if the allegations of

Mr. Spencer's *pro se* pleading are in fact deemed to be correct, he has no valid cause of

action against the three individually named members of the City of Rolling Meadows

Police Department[2].  Indeed, the issue presented here is whether based upon the facts as

alleged by the plaintiff in his complaint, he is entitled to relitigate the issues previously

decided adversely to him during the underlying criminal proceedings.

Argument

Mr. Spencer may not properly be permitted to relitigate, as claims arising
under § 1983, issues fully and fairly decided against him during the
pendency of the underlying criminal proceedings resulting from the arrest
alleged in this case.

When an issue is actually litigated and resolved in a final decision by a court of

competent jurisdiction, the doctrine of collateral estoppel, or issue preclusion, bars

subsequent relitigation of that issue by a party involved in the prior proceeding.  Adair v.

---

[1]*See also* McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir.2000) ("It is the
well-settled law of this circuit that pro se complaints are to be liberally construed and not held to
the stringent standards expected of pleadings drafted by lawyers").

[2]And this Court has already reviewed, and dismissed, any claims against the municipal
employer and its Police Department.

Sherman, 230 F.3d 890, 893 (7th Cir.2000).  Collateral estoppel, and the related doctrine of *res judicata,* thus overlap with Congress's intent that a federal court must accord "the same full faith and credit" to a state court decision as the state would give that decision. Title 28 U.S.C. § 1738.  Collateral estoppel may preclude a litigant from bringing a section 1983 claim, based on an alleged Fourth Amendment violation in federal court, when that litigant lost on the same issues in state court.  Allen v. McCurry, 449 U.S. 90, 104-05, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Federal courts must apply state collateral estoppel law in order to determine whether the collateral estoppel effect of a state court decision bars a section 1983 claim. Schertz v. Waupaca Co., 875 F.2d 578, 581 (7th Cir.1989).  Under Illinois law, collateral estoppel applies when "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom the estoppel is asserted was a party or in privity with a party to the prior adjudication."  Bajwa v. Metro. Life Ins. Co., 208 Ill.2d 414, 804 N.E.2d 519, 532, 281 Ill.Dec. 554 (2004).  Collateral estoppel is a doctrine of equity and it will be avoided when its application results in manifest injustice. Benton v. Smith, 157 Ill.App.3d 847, 510 N.E.2d 952, 957-58, 109 Ill.Dec. 884 (1st Dist. 1987).  In addition, "a decision on the issue must have been necessary for the judgment in the first litigation."  Talarico v. Dunlap, 177 Ill.2d 185, 226 Ill.Dec. 222, 685 N.E.2d 325, 328 (1997).  In the instant case, Spencer's *pro se* complaint concedes that there was a final judgment on the merits in the criminal proceeding, and that he was a party to that proceeding.

Defendants therefore submit that collateral estoppel applies here because all three requirements have been met: the pretrial rulings alleged by the plaintiff[3] resolved the issues he now seeks to raise anew; those rulings were final; and plaintiff was a party to the prior proceeding. Three separate motions to quash arrest and/or suppress evidence were filed either by or on behalf of the plaintiff in the underlying criminal case emanating from his arrest.  (Copies of those motions are attached hereto as Exhibits A, B, and C). Each of those motions was heard before the Honorable John Scotillo, sitting in the Third Municipal District of the Circuit Court of Cook County – and each of those motions (as the plaintiff alleges in his complaint) was denied by Judge Scotillo.

Under the doctrine of issue preclusion (collateral estoppel), "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. at 94, *citing* Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)); *see also* Restatement (Second) of Judgments § 27 (1982).  This preclusion principle is rooted in concerns of judicial economy. By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, issue preclusion acts to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  Allen v. McCurry, 449 U.S. at 94, *citing* Montana, 440 U.S. at 153-54; *see also* University of Tenn. v. Elliott, 478 U.S. 788, 798, 106 S.Ct.

---

[3]*See* Complaint, Par. III(G)(1)(2) and V(3).

3220, 3225, 92 L.Ed.2d 635 (1986) (noting that preclusion principles "enforce repose").

Of course, "central to the fair administration of preclusion doctrine" is the notion that a

party will be bound only if it had "an adequate opportunity or incentive to obtain a full

and fair adjudication in the first proceeding." Restatement (Second) of Judgments § 28

comment j.  Here, where Mr. Spencer has previously received a full and fair opportunity

to litigate the very same issues he raises in the pleading at issue in the instant case, the

benefits of preclusion outweigh the countervailing due process concerns present

whenever a party is estopped from raising a claim.  *See* Blonder-Tongue Lab., Inc. v.

University of Ill. Found., 402 U.S. 313, 328-30, 91 S.Ct. 1434, 1442-43, 28 L.Ed.2d 788

(1971).

WHEREFORE, for the above and foregoing reasons, the defendants respectfully

request that plaintiff's Complaint be dismissed, in its entirety, with prejudice for failure

to state a claim upon which relief may be granted.


/s/Mark F. Smolens
Attorney for Defendants


**RICHARD T. RYAN**
**MARK F. SMOLENS**
**RYAN, SMOLENS & JONES**
**180 North LaSalle Street**
**Suite 2303**
**Chicago, Illinois 60601**
**(312) 372-3800**