STATE OF ILLINOIS       )
                        )  SS
COUNTY OF COOK          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## THIRD MUNICIPAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL SPENCER ) | No. 06 CR 3036 |
| ) | |
| Defendant ) | |

**FILED D3-110 JAN 16 2007 DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL**

### NOTICE OF FILING

To:   ASA Michael Andre
      2121 Euclid Avenue, Room 223
      Rolling Meadows, IL

PLEASE TAKE NOTICE that on January 16, 2007, I have caused to be filed in the Office of the Clerk of the Circuit Court of Cook County, located at 2121 Euclid Avenue, Rolling Meadows, Illinois, the following: **Motion to Renew Motion to Suppress Illegally Obtained Evidence.**

_____
                       Defendant

### CERTIFICATE OF SERVICE

I, Michael Spencer, certify that I served the above listed individual(s) the attached filings by mailing a copy on ___January 16___, ~~2006~~ 2007

BY_____
                       Defendant

Michael Spencer
859 W. Carmen, Unit 2
Chicago, IL  60640
(773) 760-1304
(773) 728-5514 Fax



EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
THIRD MUNICIPAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL SPENCER )<br>)<br>Defendant )<br>) | No.   06 CR 3036 |

## MOTION TO RENEW MOTION TO QUASH ARREST AND SUPPRESS ILLEGALLY OBTAINED EVIDENCE

NOW COMES the Defendant, Michael Spencer, Pro Se, and moves this Honorable Court, pursuant to Supreme Court Rules, The Exclusionary Rule, and Chapter 725 ILCS 5/114-12, to reconsider its ruling on the Defendant's Motion to Quash Arrest and Suppress Illegally Obtained Evidence heard on May 25, 2006. In support of his motion the Defendant states as follows:

1.    In an order dated April 22, 2006, this Honorable Court directed that there be a pretrial hearing to determine the admissibility of cocaine allegedly found in the trunk of the Defendant's car, MDMA and Oxycodone allegedly found in the Defendant's home, oral statements allegedly made by the Defendant to the Rolling Meadows Police, and other evidence which might tend to incriminate the Defendant resulting from the unlawful seizure and subsequent search of the Defendant's car and home. At the Motion to Suppress hearing held on May 25, 2006, the Prosecution produced witnesses from the Rolling Meadows Police Department and introduced into evidence the Rolling Meadows Police Department's written policy on inventory searches of automobiles.

2.    This Honorable Court heard from both sides and denied the Defendant's Motion. It is evident by this Court's denial of the State's solely claimed basis for impounding the

Defendant's car, which was to protect the Defendant's car pursuant to General Orders, that the State has failed to meet its burden of offering evidence to establish the legality of the impoundment and thus countering the Defendant's claim of a violation of his Fourth Amendment Rights by the unlawful arrest, unlawful seizure and subsequent search of his car. Although the Defense met its burden of proof by presenting affirming, conclusive case law issued by the Higher Courts which prohibits impoundments under the circumstances in which the car was parked, this Court upheld the unlawful impoundment of the Defendant's car merely on the basis of this Court's subjective views about it being parked in a school parking lot. The State has not produced any evidence or testimony showing or claiming that the school had prohibited the Defendant from lawfully parking his car in the parking lot or that the basis for the impoundment of the Defendant's car was pursuant to a request or direction by the school to remove the car. This Court's ruling upholding the unlawful impoundment was made without any conclusion of law or evidence that would sustain its ruling. This Court also upheld the unlawful arrest of the Defendant.

    A.    The arrest was made without probable cause. Probable cause exists where the totality of the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a man of reasonable caution to the belief that an offense has been or is being committed. *Illinois v. Gates*, 462 U.S. 213, 103 S.Cr. 2317, 76 L.E.2d 527 (1983). In the case at bar, the arresting officer's decision to arrest was based on information from a witness that was not credible. Pursuant to the Illinois Supreme Court, the State must show basis for the arresting officer's belief, including the facts relating to the credibility of the informant. *People v. McCray*, 33 Ill.2d 66, 210 N.E.2d 161 (1965). A man of reasonable caution would not believe information from a witness that is not credible. The witness was not credible for the following reasons:

2

      i.      In the interview with the Rolling Meadows Police, Candir claimed that the Defendant had negotiated sexual activities with his clients. However, the verifiable, first hand information resulting from the Rolling Meadows Police's sting operation against the Defendant that had occurred prior to said interview, had revealed to the Rolling Meadows police that the Defendant in truth did not negotiate sexual activities. Therefore, Candir's claim is not credible as it contradicts the officer's first hand experience.

      ii.      In the interview with the Rolling Meadows police, Candir claimed that she "turned tricks" with the Defendant's clients. However, in an interview with Candir's mother, held just prior to the interview with Candir, the Rolling Meadows police had learned that Candir had told her mother that she was only modeling for the Defendant's company. Again, the Rolling Meadows police had prior knowledge of information that was contrary to Candir claims of criminal activity. Candir's claims are inconsistent and cannot be reasonably considered to be credible information to determine whether a crime had actually occurred. In *Trice*, the Court held that information relied upon to establish probable cause to arrest must be supported by some indicia of reliability. *People v. Trice* 217 Ill.App.3d 967, 577 N.E.2d 1195 (1991).

    In addition, at the aforementioned hearing, the arresting officer testified that he also based his decision to arrest on his belief that the fact that the Defendant owned a photography studio and an adult website featuring pictures of women to be evidence in support of the crime of pandering. However, ownership of an adult website and a photography studio are facts that are more frequently consistent with innocent activity than with criminal activity. In *Martin*, the Court holds that an arrest and search based on events as consistent with innocent as with criminal activity are unlawful. *People v. Martin*, 511 P.2d 1161, 9 Cal.3d 687 (1973).

B.   This Honorable Court has made reversible err when it upheld the unlawful impoundment of the Defendant's car for the reasons hereafter stated and specifically set forth:

i.   At the aforementioned suppression hearing the State conceded that the Defendant's car was lawfully parked and secured on private property under such circumstances that it would not obstruct traffic or poses a hazard to the community and that the sole basis for the impoundment was pursuant to General Orders for the purpose of safekeeping the Defendant's car. This Court denied the State's sole contention for the impoundment, Therefore the State failed to meet its burden of showing the legality of the impoundment. As a result, pursuant to the ruling of the Court in the case of *People v. Cassell*, 101 Ill.App.2d 279, 243 N.E.2d 363 (1968), the evidence should have been suppressed.

ii.   The Defense presented to this Court valid applicable Illinois case law that deemed the impoundment of the Defendants car unlawful. Pursuant to the rulings of the Court:

a.   "The Defendant has every right to maintain his vehicle where it was legally parked and there were no exigent circumstances to support seizure of the vehicle." *People v. Van Hatten*, 52 Ill.App.3d 328, 367 N.E.2d 556 (1977). Exigent circumstances exist if there was probable cause to believe contraband was being transported in the vehicle, that there was a hazard to the community by presence of a weapon that police probable cause to believe was in the vehicle, or probable cause to believe that fruits of a crime or weapons used in the crime for which the arrest was made, were in the vehicle. The impoundment of the Defendant's vehicle could not be justified under exigent circumstances. *People v. Jones*, 45 Ill.App.3d 307, 359 N.E.2d 856 (1977).

b.   "The fact that the vehicle of arrestee would be left unattended is not sufficient reason to impound" and that "the existence of police regulation does not in and of itself

4

make impoundment of arrestee's vehicle lawful or reasonable." *People v. Schultz*, 93 Ill.App.3d 1071, 418 N.E.2d 6 (1981).

    c.    Defendant's car, which was lawfully parked, and which parking lot owner had not requested be removed was unlawfully impounded and searched upon arrest of Defendant. This Court's ruling upholding the unlawful impoundment of the Defendant's car contravenes case law.

    iii.    Pursuant to constitutional law regarding reasonableness of seizures, a seizure is reasonable only if the officer's decision, at the time an item is seized, is based upon his reasonable belief, based on the facts and circumstances known to him, that the item constitutes evidence of criminal activity. *O'Donnell v. City of Chicago*, 363 Ill.App.3d 98, 842 N.E.2d 208 (2005).

    iv.    The United States Supreme Court holds that standard of reasonableness must be evolved in light of the Fourth Amendment and not in a Court's subjective view of police conduct. *Chimel v. California*, 395 U.S. 752 (1969).

    C.    This Honorable Court erred when it ruled that Gibson was applicable to the case at bar. In Gibson, the Supreme Court upheld an inventory search of the trunk of an automobile based on the testimony of the arresting officer indicating that the State Police's inventory policy "included the search of the trunk, even though the State did not introduce the written policy into evidence. However, in the instant case, the State did introduce into evidence the written inventory search policy of the Rolling Meadows Police Department, and said policy does not list the vehicle's trunk as an authorized area to be searched. The United States Supreme Court mandates that inventory searches be conducted according to established standardized procedures. *Colorado v. Bertine* 479 U.S. 367 (1987). The inventory search cannot be upheld as it was not

5

accomplished in accordance with the specified limitations of the Rolling Meadows Police Department's automobile inventory policy.

3. New evidence shows that the officers' actions were not in compliance with Rolling Meadows Police Department General Order 92-45.

4. This Court has made a reversible err by denying the Defendant's Motion to Quash Arrest and Suppress Illegally Obtained Evidence.

5. This Honorable Court has erred by neglecting its duty to enforce the constitutional right of the Defendant to be free of unreasonable searches and seizures. The United States Supreme Court holds that the standard of reasonableness of a seizure must be evolved in light of the Fourth Amendment and not in light of the Court's view of reasonable police conduct. *Chimel v. California*, 395 U.S. 752 (1969). Pursuant to the Supreme Court, the "provisions of state and federal constitutions forbidding unreasonable search and seizures are to be construed alike and should liberally be construed in favor of the accused." *People v. Tillman*, 1 Ill.2d 525, 116 N.E.2d 344 (1953). The Supreme Court has also held that "it is the duty of the Court and all officers of the state to enforce the constitutional rights against unreasonable searches and seizures." *People v. Martin*, 382 Ill. 192, 46 N.E.2d 997 (1942). The impoundment of the Defendant's car, which was a seizure, which was not authorized by warrant, probable cause, statute, case law, consent or even police regulation, was unreasonable and cannot be lawfully upheld.

WHEREFORE, the Defendant prays that this Honorable Court:

A. Quash the arrest and suppress all evidence resulting therefrom.

B. For such other and further relief as this Honorable Court deems just and equitable.

                                                    _____
                                                    Michael Spencer
                                                    Defendant

Michael Spencer
859 W. Carmen, Unit 2
Chicago, IL 60640
(773) 760-1304

7