STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
THIRD MUNICIPAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS, )
PLAINTIFF )
)
)
VS. ) No. 06 CR 3036
)
)
MICHAEL SPENCER )
DEFENDANT )

NOTICE OF FILING

FILED
D3-110
MAY 04 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

To: ASA Michael Andre
2121 Euclid Ave., Room 223
Rolling Meadows, IL

PLEASE TAKE NOTICE THAT ON May 4, 2007, I HAVE CAUSED TO BE FILED IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY, LOCATED AT 2121 EUCLID AVENUE, ROLLING MEADOWS, ILLINOIS, THE FOLLOWING: MOTION TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE.

[signature]
DEFENDANT


EXHIBIT C

## CERTIFICATE OF SERVICE

I, Michael Spencer, certify that I served the above listed individual(s) the attached filings in open court on May 4, 2007.

BY _____
DEFENDANT

Michael Spencer
859 W. Carmen, Unit 2
Chicago, IL 60640
(773) 760-1304
(773) 728-5514 FAX



FILED
D3-110
MAY 04 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK CO..
THIRD MUNICIPAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS )
PLAINTIFF                       )
                                )
                                )
VS                              )   No. 06 CR 3036
                                )
                                )
MICHAEL SPENCER                 )
DEFENDANT                       )

FILED
MAY 04
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## MOTION TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE

NOW COMES the Defendant, Michael Spencer, Pro Se, and moves this Honorable Court, pursuant to Supreme Court Rules, The Exclusionary Rule, and Chapter 725 ILCS 5/114-12, for an order suppressing and excluding from introduction into evidence at trial, any and all evidence that is the direct and indirect products obtained by means of unlawful search and seizure under circumstances precluding its admissibility for the reasons hereafter stated and specifically set forth:

1. On January 4, 2006, the Defendant was arrested outside of his vehicle at or near the intersection of Quentin Rd and Illinois Rd, Palatine, Ill, by the Rolling Meadows police.

2. Prior to his arrest, the Defendant lawfully parked and secured his vehicle in the private parking lot of Fremd High School, which is located within the Village of Palatine, Ill.

1

3. Subsequent to the Defendant's arrest, the arresting officer of the Rolling Meadows Police Department impounded the Defendant's automobile without the authority of a warrant or probable cause, and conducted a warrantless search of the vehicle.

4. As a direct result of said illegal impoundment (seizure) and search of the Defendant's vehicle, the Defendant is accused by indictment of possession of a controlled substance, cocaine, with intent to deliver. As an indirect result of said illegal seizure and search of the Defendant's vehicle, the Defendant is accused by indictment of possession of a controlled substance, MDMA and Oxycodone.

5. The impoundment was a seizure as contemplated by the Fourth Amendment in that "seizure" of property occurs when there is some meaningful interference with individual's possessory interests in that property. Soldal v. Cook County, Ill. 113 S.Ct. 538

6. The inventory was a search as contemplated by the Fourth Amendment in that a "search" occurs when expectation of privacy considered reasonable by society is infringed upon. People v. Mannozz, 632 NE2d 627.

7. The Fourth Amendment guarantees the right of persons to be secure from unreasonable search and seizures of their persons, houses, papers, and effects.

8. A seizure is reasonable only if the officer's decision at the time an item is seized is based upon his reasonable belief based on the facts and circumstances known to him that the item constitutes evidence of criminal activity. O'Donnell v. City of Chicago, 842 NE2d 208

2.

9. At a Motion to Quash Arrest and Suppress Illegally Obtained Evidence hearing held on May 25, 2006 the arresting officer testified that the reason for the impound was that the policy of the Rolling Meadows Police Department was to tow the vehicles of arrested persons.

10. At the aforementioned hearing the arresting officer testified that the policy of the Rolling Meadows Police Department did not allow officers to leave the vehicles of arrested persons on private property.

11. At the aforementioned hearing the arresting officer testified that the Defendant's vehicle was parked in a private parking lot prior to my arrest.

12. The vehicle was not obstructing traffic, posing a hazard to the community, or interfering with another person's lawful use of the parking lot.

13. There was no notice posted at the entrance of the parking lot that parking was prohibited or that the Defendant's vehicle would be towed at his expense.

14. Pursuant to General Order 92-45 of the Rolling Meadows Police Department's procedural manual, the impoundment was not authorized and contravenous to the regulations set forth in General Order 92-45 for the following reasons:

   A. Article 6 of General Order 92-45 does not state that an officer shall tow the vehicle of arrested persons from a private parking lot.

   B. Pursuant to Article 6 of General Order 92-45 it is in cases involving a custodial arrest of an unaccompanied driver on a public roadway where the vehicle cannot be legally parked that

THE VEHICLE SHALL BE TOWED.

C. Pursuant to Article 3 of General Order 92-45 the police are not authorized to tow a vehicle from private property and will not tow a vehicle from private property unless the vehicle is abandoned or there are exigent circumstances.

D. Article 6 of General Order 92-45 does not state that an officer is not allowed to leave the vehicles of arrested persons on private property.

15. The impoundment was not lawful in that it was not accomplished in accordance to the standard written procedures set forth in General Order 92-45 of the Rolling Meadows Police Department's procedural manual. People v Stack, 613 N.E.2d 366

16. The existence of police regulation does not in and of itself make the impoundment and search of arrestee's automobile lawful or reasonable; the fact that arrestee's vehicle would be left unattended is not sufficient reason for impound; Defendant's car which was lawfully parked and parking lot owner had not requested be removed was unlawfully impounded and searched upon arrest of Defendant and evidence resulting from said illegal search is inadmissible into evidence for prosecution. People v. Schultz, 418 N.E.2d 6

17. The police had no right to tow Defendant's vehicle from lawful parking spot in parking lot; the Defendant has every right to maintain his vehicle where it was lawfully parked and there were no exigent circumstances to support its seizure. People v. Von Hatten, 367 N.E.2d 556

4

18) Pursuant to Section 5/11-1302 of the Illinois Vehicle Code an officer is authorized to remove or tow the vehicle of an arrested person IF the vehicle is found left unattended upon a highway. The Defendant's vehicle was not found unattended upon a highway and therefore the arresting officer had no authority to tow the Defendant's vehicle.

19) The City of Rolling Meadows does not have the authority to regulate the use of Fremd High School's parking lot. Pursuant to Section 5/11-80-2 of the Illinois Municipal Code the corporate authorities of each municipality may regulate the use of STREETS and other MUNICIPAL property.

WHEREFORE the Defendant moves the Court to:

1. Suppress and bar from use at the trial of the instant case ALL the evidence seized; and

2. Suppress and bar from use at the trial of the instant case all testimony relating to aforesaid articles sought to be suppressed; and

3. Order any other and further relief as this Honorable Court deems just and equitable.

Michael Spencer
859 W. Carmen, Unit 2
Chicago, IL 60640
(773) 760-1304

Michael Spencer
Defendant

FILED
D3-110
MAY 04 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

5